FILED
JUL 3 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY KAS DEPUTY

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

08CV1313-L(NLS)

| | |
|---|---|
| IN RE COUNTRYWIDE MORTGAGE LITIGATION | MDL Docket No. ______ |

**MOTION OF DEFENDANTS COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE BANK, FSB, COUNTRYWIDE HOME LOANS, INC., AND BANK OF AMERICA CORPORATION FOR TRANSFER AND COORDINATION OR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

Countrywide Financial Corporation, Countrywide Bank, FSB, Countrywide Home Loans, Inc., and Bank of America Corporation (individually or collectively, "Movants") hereby respectfully move the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407 for an order of transfer and pretrial coordination or consolidation of five civil actions pending in more than one district that share common questions of fact. Movants hereby request that the Panel issue an order (a) transferring to the United States District Court for the Central District of California the two actions subject to this motion that are not already pending in that Court, and,

with the consent of that Court, assigning to the Hon. Stephen V. Wilson of that Court the four actions subject to this motion not already assigned to him; and (b) coordinating or consolidating pretrial proceedings in the five actions pursuant to 28 U.S.C. § 1407. A schedule identifying the five actions is attached hereto as Schedule A.

In support of the transfer of these actions, Movants aver the following, as more fully set forth in the accompanying supporting memorandum:

1. As required by 28 U.S.C. § 1407(a), the cases proposed for transfer are pending in different districts and "involv[e] one or more common questions of fact." The cases are all premised on allegations that Countrywide Financial Corporation, Countrywide Bank, FSB, and/or Countrywide Home Loans, Inc. (individually or collectively, "Countrywide") originated or serviced certain residential mortgage loans in an unlawful, unfair, or deceptive fashion.

2. The five actions allege many of the same claims for relief. Four out of the five complaints allege violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* and False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* The fifth complaint (the Illinois attorney general action) alleges violations of the Illinois analogue to California's Unfair Competition Law.

3. The proposed class definitions of the private actions overlap substantially. These actions seek certification of nationwide classes of borrowers of mortgage loans originated or serviced by Countrywide. In addition, the attorney general actions are brought to seek redress for alleged injuries to many of the same borrowers encompassed by the putative classes in the private actions.

4. Given this significant overlap among the cases as to factual questions, claims for relief, and putative classes or otherwise covered borrowers, transfer and coordination or

consolidation will promote the "just and efficient conduct of [the] actions." 28 U.S.C. § 1407. Absent centralization, multiple judges would be required to decide the same issues with respect to the same plaintiffs and the same defendants, and the parties would risk obtaining inconsistent rulings from multiple courts.

5. Transfer and coordination or consolidation also will "be for the convenience of parties and witnesses" so that common pretrial matters such as depositions and document discovery can occur in an orderly, non-duplicative fashion based on coordinated proceedings in a single forum. 28 U.S.C. § 1407.

6. Movants respectfully suggest that the two actions not already pending before the Central District of California are appropriate for transfer to that Court. Three of the five constituent actions are pending in the Central District of California. That district also includes Countrywide's principal place of business. An overwhelming number of the witnesses and documents with discoverable information will be located in or near the Central District of California because Countrywide Financial Corp.'s principal place of business is in that district.

7. Transfer to the Hon. Stephen V. Wilson is appropriate because the earliest-filed action of the five actions is assigned to him.

This motion is based on the Memorandum filed by Movants this day, the pleadings and papers on file herein, and such other matters as may be presented to the Panel at the time of hearing.

Dated: July 24, 2008

Respectfully submitted,

John H. Beisner
Brian D. Boyle
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300 (phone)
(202) 383-5414 (fax)

*Attorneys for Countrywide Financial Corp., Countrywide Bank, FSB, Countrywide Home Loans, Inc., and Bank of America Corporation*

FILED
JUL 3 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

08CV1313-L(NLS

| | | |
|---|---|---|
| IN RE COUNTRYWIDE MORTGAGE LITIGATION | ) | MDL Docket No. ______ |

**MEMORANDUM IN SUPPORT OF DEFENDANTS COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE BANK, FSB, COUNTRYWIDE HOME LOANS, INC., AND BANK OF AMERICA CORPORATION'S MOTION FOR TRANSFER AND PRETRIAL COORDINATION OR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

## INTRODUCTION

Pursuant to 28 U.S.C. § 1407 and Rule 7.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Countrywide Financial Corporation, Countrywide Bank, FSB, Countrywide Home Loans, Inc.,[1] and Bank of America Corporation (individually or collectively, "Movants") seek transfer and pretrial coordination or consolidation of five actions against

[1] Countrywide Financial Corporation, Countrywide Bank, FSB, Countrywide Home Loans, Inc. are referred to individually or collectively as "Countrywide."

Movants filed on the basis of the same core factual allegations relating to the origination and/or servicing of residential mortgage loans.[2] The actions subject to this petition include two representative state attorney general actions (California and Illinois) and three putative class action lawsuits. All five actions are based on the same or similar allegations and claims for relief. A multidistrict litigation ("MDL") proceeding is warranted because all of the statutory criteria for transfer and coordination or consolidation are abundantly present.

These cases present a compelling case for MDL transfer and coordination or consolidation because: (i) the cases easily meet the threshold requirement of "involving one or more common questions of fact; (ii) transfer will "be for the convenience of parties and witnesses"; and (iii) transfer "will promote the just and efficient conduct of [the] actions" by ensuring centralized discovery oversight, reducing the risk of inconsistent class certification and other pretrial rulings, and avoiding duplicative proceedings. 28 U.S.C. § 1407.

***First***, the complaints rest on the same core factual allegations and, hence, involve "one or more common questions of fact" under 28 U.S.C. § 1407. Plaintiffs allege that Countrywide originated or serviced residential mortgage loans, including Pay Option Adjustable Rate Mortgages ("ARMs") and Hybrid ARMs,[3] in an unlawful, unfair, or deceptive fashion by misrepresenting or concealing the terms, risks, or suitability of the loans, and/or by placing borrowers in loans that they could not afford. Plaintiffs allege that as a result of Countrywide's alleged conduct, they (or, in the attorney general actions, consumers on whose behalf the claims

---

[2] The actions subject to this petition are *Sizemore v. Countrywide Financial Corp.*, Case No. CV07-006094-SVW (AJWx) (C.D. Cal.); *People of the State of Illinois v. Countrywide Financial Corp.*, (N.D. Ill.) (removed July 24, 2008, case number to be supplied separately); *People of the State of California v. Countrywide Financial Corp.*, (C.D. Cal.) (removed July 24, 2008, case number to be supplied separately); *Hursh v. Countrywide Financial Corp.*, 08CV-1313 J NLS (S.D. Cal.); and *Leyvas v. Bank of America Corp.*, Case No. CV08-787 DOC (MLGx) (C.D. Cal.). Courtesy copies of the operative complaint in each action are submitted herewith.

[3] A Pay Option ARM generally refers to a mortgage where the rate may adjust and the borrower is given a number of different payment options each month. A Hybrid ARM generally refers to an mortgage that is subject to an interest rate for an initial period, followed by an interest rate that may adjust thereafter.

are being brought) suffered damages stemming from higher interest rates than they anticipated paying, negative amortization, prepayment penalties, and other allegedly undisclosed or partially disclosed fees or expenses. Plaintiffs also allege that Countrywide's conduct led to foreclosures and harm to plaintiffs' credit and financial position.

***Second***, the complaints allege many of the same claims for relief. Four out of the five complaints allege violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL") and False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* ("FAL"). The fifth complaint (the Illinois attorney general action) alleges violations of the Illinois analogue to California's UCL, as well as violations of the Illinois Fairness in Lending Act.

***Third***, the proposed class definitions of the private actions overlap substantially. These actions seek certification of nationwide classes of borrowers of mortgage loans originated or serviced by Countrywide. In addition, the attorney general actions are brought to seek redress for alleged injuries to many of the same borrowers encompassed by the putative classes in the private actions.

***Fourth***, given this significant overlap among the cases as to factual questions, claims for relief, and putative classes or otherwise covered borrowers, transfer and coordination or consolidation will promote the "just and efficient conduct of [the] actions." 28 U.S.C. § 1407. Absent centralization, multiple judges would be required to decide the same issues with respect to the same plaintiffs and the same defendants, and the parties would risk obtaining inconsistent rulings from multiple courts.

***Fifth***, transfer and coordination or consolidation will "be for the convenience of parties and witnesses" so that common pretrial matters such as depositions and document discovery can

occur in an orderly, non-duplicative fashion based on coordinated proceedings in a single forum. 28 U.S.C. § 1407.

***Finally***, these cases are appropriate for transfer to the United States District Court for the Central District of California. Three of the five constituent actions are pending in the Central District of California. That district also includes Countrywide's principal place of business.

## BACKGROUND

These cases allege claims against Movants relating to Countrywide's origination and servicing of home mortgage loans in the United States. The actions allege that in an effort to maximize its profits and increase its share of the consumer market for mortgage loans, Countrywide engaged in a scheme to deceive consumers into taking out complex, risky, and unsuitable mortgage loans, including Pay Option ARMs and Hybrid ARMs. Plaintiffs allege that Countrywide carried out this scheme by relaxing underwriting standards and by misrepresenting or concealing material terms of the loans. Plaintiffs allege that as a result of this conduct, the private plaintiffs and other Countrywide borrowers have suffered damages or lost money in the form of concealed or inadequately disclosed interest and principal payments, fees, and penalties. Plaintiffs also allege that they and other members of the putative classes (as well as borrowers whose loans are at issue in the attorney general actions) face the possibility of foreclosure and a resulting loss of their homes, as well as harm to their credit and financial position.

*Sizemore* was originally filed on September 19, 2007. The California and Illinois Attorney General actions were filed in state court on June 25, 2008. The California complaint was amended on July 17, 2008. Both actions were removed to federal court on July 24, 2008. *Hursh* was filed in state court on July 2, 2008 and removed to federal court on July 22, 2008. *Leyvas* was filed in federal court on July 17, 2008. *Hursh* and *Leyvas* largely copy the

allegations and claims for relief of the California Attorney General's complaint. A description of each of the five constituent actions is as follows:

- *Sizemore v. Countrywide Financial Corp.*, Case No. CV07-006094-SVW (AJWx) (C.D. Cal., filed September 19, 2007, and originally captioned *White v. Countrywide Financial Corp.*), was filed in the Central District of California against Countrywide Financial Corp., Countrywide Bank, N.A., Countrywide Home Loans, Inc., Countrywide Tax Services Corp., LandSafe, Inc., LandSafe Appraisal Services, Inc., LandSafe Credit, Inc., and LandSafe Flood Determination, Inc. The Second Amended Complaint ("*Sizemore* SAC") alleges that defendants "systematically steered borrowers into inappropriate subprime loans with excess charges and inadequately disclosed risks, including drastic and unexpected increases in required monthly payments, that have caused a flood of foreclosures and financial woes among the class." (*Sizemore* SAC ¶ 3.) The complaint asserts violations of the UCL, the FAL, the Racketeer Influenced Corrupt Organizations Act (18 U.S.C. §§ 1961 *et seq.*), and common law unjust enrichment. Plaintiffs seek to represent a putative "nationwide Class of all persons who, from September 19, 2003 to the date of Class certification, obtained a subprime loan issued by Countrywide." (*Sizemore* SAC ¶ 161.)

- *People of the State of Illinois v. Countrywide Financial Corp.*, (N.D. Ill., removed on July 24, 2008, case number to be supplied separately) (the "Illinois AG Action") was filed on June 25, 2008 in the Circuit Court of Cook County, State of Illinois, against Countrywide Financial Corp., Countrywide Home Loans, Inc., Countrywide Bank, FSB, Full Spectrum Lending, Inc., and Countrywide Financial Corp. Chief Executive Officer Angelo Mozilo. Plaintiff alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. Ann. 505/2, and the Illinois Fairness in Lending Act, 815 Ill. Comp. Stat. Ann. 120/4, arising out of an alleged scheme to deceptively market complex, risky, and unsuitable mortgage loans in order to maximize Countrywide's profits and its share of the secondary mortgage market.

- *People of the State of California v. Countrywide Financial Corp.*, (C.D. Cal., removed on July 24, 2008, case number to be supplied separately) (the "California AG Action") was filed on June 25, 2008 in the Superior Court of California, County of Los Angeles against Countrywide Financial Corp., Countrywide Home Loans, Inc., Countrywide Bank, FSB, Full Spectrum Lending, Inc., as well as Angelo Mozilo and David Sambol, another Countrywide officer. Plaintiff filed an amended complaint on July 17, 2008. Plaintiff alleges violations of the UCL and FAL arising out of an alleged scheme to deceptively market complex, risky, and unsuitable mortgage loans in order to maximize Countrywide's profits and its share of the secondary mortgage market.

- *Hursh v. Countrywide Financial Corp.*, Case No. 08-CV-1313 J NLS (S.D. Cal., removed on July 22, 2008), was filed on July 2, 2008 in the Superior Court of California, County of San Diego against the same defendants named in the California Attorney General action. Plaintiff makes essentially the same allegations and asserts the same claims (violations of UCL and FAL) as the California AG Action. (*Compare* California AG Action Compl. ¶¶ 15-84, 159-64 *with Hursh* Compl. ¶¶ 29-96, 127-30.) Plaintiff seeks to represent a putative class consisting of "any consumer who obtain [*sic*] any type of mortgage funding from defendants from 2000 to present." (*Hursh* Compl. ¶ 20.)

- *Leyvas v. Bank of America Corp.*, Case No. CV08-787 DOC (MLGx) (C.D. Cal., filed July 17, 2008) was filed in the Central District of California against Bank of America Corp., Countrywide Financial Corp., Countrywide Home Loans, Inc., Countrywide Bank, FSB, and Full Spectrum Lending, Inc. Plaintiffs make essentially the same allegations as the California AG Action and assert claims under the UCL, FAL, and the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* Plaintiffs expressly and repeatedly refer to the California AG Action and the investigation leading up to it. (*See, e.g., Leyvas* Compl. ¶¶ 51, 54, 67, 80.) Plaintiffs seek to represent a putative class consisting of "[a]ll persons in the United States who, at any time between July 17, 2004 and July 1, 2008, obtained at least one residential mortgage loan from Countrywide" that was subject to the allegedly unlawful conduct asserted in the complaint. (*Id.* ¶ 20.)

## ARGUMENT

### I. THESE ACTIONS ARE APPROPRIATE FOR TRANSFER AND PRETRIAL COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407.

28 U.S.C. § 1407(a) provides that this Panel may transfer for pretrial coordination or consolidation two or more civil cases upon a determination (i) that the cases "involve[] one or more common questions of fact," (ii) that the transfers would further "the convenience of parties and witnesses," and (iii) that the transfers "will promote the just and efficient conduct of [the] actions." The cases subject to this petition plainly meet these criteria and should be transferred for coordinated pretrial proceedings.

### A. These Actions Involve One Or More Common Questions Of Fact.

#### 1. The Actions Involve The Same Or Similar Facts And Theories Of Recovery.

These actions easily meet the threshold requirement of § 1407(a) because they involve "one or more common questions of fact." The factual allegations underlying each of the actions are extremely similar and, in the case of the California AG Action, *Hursh*, and *Leyvas*, are identical to one another in many material respects. All the complaints allege that in an effort to maximize its profits and its share of the secondary market for mortgage loans, Countrywide originated or serviced residential mortgage loans in an unlawful, unfair, or deceptive fashion by misrepresenting or concealing the terms, risks, or suitability of the loans, and/or by placing borrowers in loans that they could not afford.[4] Plaintiffs allege that this conduct resulted in financial harm to borrowers in the form of concealed or inadequately disclosed principal, fees, penalties, and expenses, as well foreclosure, loss of their homes, and damage to their credit and financial position.[5] "Common" factual allegations thus exist across these cases.

The claims for relief are also similar. Four out of the five complaints allege violations of California's UCL and FAL, and the remaining complaint alleges violations of the Illinois analogue to California's UCL.[6]

The Panel has recognized that actions asserting such similar claims based on such similar underlying factual allegations are particularly well suited for coordination or consolidation

---

[4] (*See, e.g.*, *Sizemore* Compl. ¶¶ 2-32; Illinois AG Action Compl. ¶¶ 72-171, 231-269; California AG Action Compl. ¶¶ 15-84, 119-135; *Hursh* Compl. ¶¶ 29-96; *Leyvas* Compl. ¶¶ 48-108.)

[5] (*See, e.g.*, *Sizemore* Compl. ¶ 32; Illinois AG Action Compl. ¶¶ 54-58, 80, 103-135, 294-299; California AG Action Compl. ¶¶ 49-53, 75-77, 83-84, 159-164, *Hursh* Compl. ¶¶ 64-67, 88-90, 95-96, 127-30; *Leyvas* Compl. ¶¶ 71-75, 99-101, 107-08.)

pursuant to § 1407. *See, e.g., In re Wireless Tel. Replacement Prot. Programs Litig.*, 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (transfer ordered where there were "common questions of fact arising out of nearly identical allegations that the similar wireless telephone replacement protection programs . . . violate state insurance, consumer protection and/or deceptive business practices statutes"); *In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, No. 1393, 2001 WL 253115 (J.P.M.L. Feb. 23, 2001) (transfer ordered where "[a]ll actions involve allegations relating to Cooper's tire design and its manufacturing process"); *In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.*, Docket No. 1396, 2001 U.S. Dist. LEXIS 5226, at *2-3 (J.P.M.L. Apr. 18, 2001) (transfer ordered where "[a]ll actions are brought as class actions . . . and arise from the same factual milieu, namely the manufacture and marketing of allegedly defective heart valve and replacement products"); *In re America Online, Inc., Version 5.0 Software Litig.*, Docket No. 1341, 2000 U.S. Dist. LEXIS 13262, at *2-3 (J.P.M.L. June 2, 2000) (transfer ordered where class action plaintiffs alleged that AOL Version 5.0 conflicted with various types of non-AOL software); *In re GMC Type III Door Latch Prods. Liab. Litig.*, Docket No. 1266, 1999 U.S. Dist. LEXIS 5075, at *1-2 (J.P.M.L. Apr. 14, 1999) (transfer ordered where "the three actions in this litigation involve common questions of fact concerning allegations that the 'unmodified Type III door latches' on certain GM vehicles are defective and prone to failure"); *In re Chrysler Corp. Vehicle Paint Litig.*, Docket No. 1239, 1998 U.S. Dist. LEXIS 15675, at *2 (J.P.M.L. October 2, 1998) (transfer ordered where "the actions in this litigation involve common questions of fact concerning allegations by overlapping classes of defects in the

---

6 (*See Sizemore* Compl. ¶¶ 190-198 (UCL and FAL claims); Illinois AG Action Compl. ¶¶ 292-299 (Illinois Consumer Fraud and Deceptive Business Practices Act claim); California AG Action Compl. ¶¶ 165-169 (UCL and FAL claims); *Hursh* Compl. ¶¶ 131-135 (UCL and FAL claims); *Leyvas* Compl. ¶¶ 153-168 (UCL and FAL claims).)

paint of certain Chrysler vehicles that result in chipping, peeling and discoloration of the paint finish").

### 2. The Three Private Actions Seek Certification Of Overlapping Nationwide Classes, And The Attorney General Actions Seek Relief On Behalf Of Many Of The Same Borrowers.

The case for transfer and coordination or consolidation is particularly strong here because in the three putative class actions, plaintiffs seek certification of significantly overlapping nationwide classes.[7] For their part, the attorney general actions assert claims for relief based on the same injuries allegedly sustained by many of the same borrowers otherwise covered by the putative class actions.[8] Such overlapping class and mass actions almost by definition satisfy the requirements of § 1407. *See, e.g.*, *In re Jamster Mktg. Litig.*, 427 F. Supp. 2d 1366, 1368 (J.P.M.L. 2006) (ordering transfer where "[e]ach action is brought as a class action against overlapping defendants and is predicated on the same factual allegations"); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 344 F. Supp. 2d 755, 756 (J.P.M.L. 2004) (finding centralization warranted of five "overlapping putative class actions brought on behalf of purchasers of gasoline that contained high levels of sulfur in May 2004."); *In re Chrysler Corp. Vehicle Paint Litig.*, 1998 U.S. Dist. LEXIS 15675, at *2 (transfer ordered where "the actions in this litigation involve common questions of fact concerning allegations by overlapping classes of defects in the paint of certain Chrysler vehicles that result in chipping, peeling and discoloration of the paint finish"); *In re Int'l House of Pancakes Franchise Litig.*, 331 F. Supp. 556, 557 (J.P.M.L. 1971) (transfer ordered where actions brought by franchisees "present virtually identical legal theories and involve substantially identical questions of fact with regard to the

---

7 (*See Sizemore* Compl. ¶ 161; *Hursh* Compl. ¶ 20; *Leyvas* Compl. ¶ 34.)

8 (*See* Illinois AG Action Compl. Preamble; *id.* ¶ 1; *id.* Count I, Prayer for Relief ¶¶ D-H, Count II, Prayer for Relief ¶¶ C and D; California AG Action Compl. ¶¶ 14, 166, 169; *id.* Prayer for Relief ¶ 3.)

defendant's franchise agreements," and "at least four of these actions are brought as class actions under Rule 23, F.R. Civ. P. and present conflicting and overlapping class claims."). Absent coordination or consolidation, multiple federal courts will simultaneously be handling the same claims brought by the same classes of plaintiffs—or attorneys general acting on behalf of the same individuals—against the same defendants.

### 3. There Is No Reason To Wait For Additional Actions.

The actions subject to this petition warrant transfer and coordination or consolidation. This petition involves three purported class actions as well as two representative state attorney general actions. The Panel has not hesitated to afford MDL treatment to litigation matters involving two or three class actions when necessary to serve the interests of convenience, coordination, and judicial economy.[9] If the pending cases are transferred and coordinated, any later-filed lawsuits may be included as "tag-along" cases in the MDL proceeding. *See In re Gas Meter Antitrust Litig.*, 464 F. Supp. 391 (J.P.M.L. 1979) (major reason for the Panel's transfer order was the salutary effect of providing a ready forum for the inclusion of expected newly filed actions).

## B. Coordination Or Consolidation Will Serve The Convenience Of Parties And Witnesses.

Coordination or consolidation of these actions also will serve the "convenience of [the] parties and witnesses" and, hence, satisfy the second criterion of § 1407(a). Absent coordination or consolidation, unnecessarily duplicative discovery and other pretrial burdens will be imposed

---

9 *See, e.g., In re LifeUSA Holdings, Inc. Annuity Contracts Sales Practices Litig.*, No. 1273, 1999 U.S. Dist. LEXIS 4918 (J.P.M.L. Apr. 7, 1999) (consolidating two actions); *In re the Hartford Sales Practices Litig.*, No. 1204, 1997 U.S. Dist. LEXIS 19671 (J.P.M.L. Dec. 8, 1997) (consolidating two actions); *In re Mountain States Tel. & Tel. Co. Employees Benefit Litig.*, No. 798, 1989 U.S. Dist. LEXIS 13673 (J.P.M.L. Feb. 2, 1989) (consolidating two actions); *In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979) (consolidating three actions); *In re California Armored Car Antitrust Litig.*, 476 F. Supp. 452, 454 (J.P.M.L. 1979) (consolidating three actions); *In re First Nat'l Bank*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (consolidating two actions); *In re E. Airlines,*

upon the parties, the witnesses, and the courts. For example, the defendants may be subjected to duplicative discovery demands, party and non-party witnesses may be subjected to duplicative depositions, and multiple courts may have to hear and decide identical pretrial issues.

By contrast, centralization will avoid duplicative efforts. Because discovery has not yet commenced in any of the actions, it can be efficiently coordinated by the transferee court from the outset of any MDL proceeding. Transfer would thus "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities." *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981).

### C. Coordination Or Consolidation Will Promote The Just And Efficient Conduct Of The Actions.

Coordination of the pending actions will also promote the third Section 1407(a) criterion – the just and efficient conduct of the actions.

#### 1. Coordination Or Consolidation Will Prevent Conflicting Pretrial Rulings.

Given the substantially similar factual allegations, theories of recovery, and proposed class definitions, pretrial activities such as motion practice will overlap substantially. Moreover, additional motions and discovery will overlap considerably, risking inconsistent rulings by different district courts on the same issues. Transfer is thus warranted. *See, e.g.*, *In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, No. 1393, 2001 WL 253115, at *1 (J.P.M.L. Feb. 23, 2001) ("Motion practice and relevant discovery will overlap substantially in each action. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."); *In re St. Jude Med., Inc., Silzone Heart Valves Prods. Liab. Litig.*, Docket No.

---

*Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763 (J.P.M.L. 1975) (consolidating two actions); *In re Cross-Florida Barge Canal Litig.*, 329 F. Supp. 543 (J.P.M.L. 1971) (consolidating two actions).

1396, 2001 U.S. Dist. LEXIS 5226, at *3 (J.P.M.L. Apr. 18, 2001) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of privilege issues, confidentiality issues and class certification), and conserve the resources of the parties, their counsel and the judiciary."); *In re Am. Online, Inc., Version 5.0 Software Litig.*, Docket No. 1341, 2000 U.S. Dist. LEXIS 13262, at *3-4 (J.P.M.L. June 2, 2000) (to same effect); *In re Gen. Motors Corp. Type III Door Latch Prods. Liab. Litig.*, Docket No. 1266, 1999 U.S. Dist. LEXIS 5075, at *2 (J.P.M.L. Apr. 14, 1999) (to same effect); *In re Chrysler Corp. Vehicle Paint Litig.*, Docket No. 1239, 1998 U.S. Dist. LEXIS 15675, at *2 (J.P.M.L. Oct. 2, 1998) (to same effect).

### 2. Coordination Or Consolidation Will Minimize The Possibility Of Conflicting Injunctive Or Other Equitable Relief Claims

Transfer and coordination or consolidation will have the further effect of reducing the possibility of conflicting requests for preliminary injunctive or other equitable relief—such as loan modifications or foreclosure relief—as to the same borrowers. The Illinois AG Action seeks preliminary injunctive relief against Countrywide.[10] The California AG Action presently seeks permanent injunctive relief, but plaintiff may move for preliminary injunctive relief.[11] *Sizemore* and *Leyvas* seek injunctive relief on behalf of nationwide putative classes.[12] Hence, absent coordination or consolidation, Countrywide may be subjected to competing and inconsistent injunctions entered in various federal courts. *See In re Operation of the Mo. River Sys. Litig.*, 277 F. Supp. 2d 1378, 1379 (J.P.M.L. 2003) (holding that MDL treatment was necessary to avoid inconsistent pretrial rulings "particularly with respect to requests for

---

10 (*See* Illinois AG Action Compl. Count I, Prayer for Relief ¶ C, Count II, Prayer for Relief ¶ B.)

11 (*See* California AG Action Compl. Prayer for Relief ¶¶ 1-2.)

12 (*See Sizemore* Compl. ¶ Prayer for Relief ¶ (g);.*Leyvas* Compl. Prayer For Relief ¶ (c).)

preliminary injunctive relief imposing or threatening to impose conflicting standards of conduct"); *In re General Motors Class E Stock Buyout Sec. Litig.*, 696 F. Supp. 1546, 1547 (J.P.M.L. 1988) ("The presence of common questions in *Hart* and the MDL-720 actions is further illustrated by the overlapping injunctive relief sought in both proceedings. Transfer of *Hart* under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.")

### 3. Coordination or Consolidation Will Facilitate Uniform Class Certification Decisions.

Because there is significant overlap between the class allegations and definitions in the private actions, the arguments presented both for and against certification will likely be similar. There is a danger of inconsistent rulings on class certification and other class action-related issues if these cases are not coordinated.

The Panel has "consistently held that transfer of actions under § 1407 is appropriate, if not necessary, where the possibility of inconsistent class determinations exists." *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975); *see also In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Prods. Liab. Litig.,* 2000 U.S. Dist. LEXIS 15926 (J.P.M.L. Oct. 24, 2000) ("Centralization under Section 1407 is thus necessary in order to . . . prevent inconsistent pretrial rulings (particularly with respect to overlapping class certification requests)"); *In re America Online, Inc., Version 5.0 Software Litig.,* 2000 U.S. Dist. LEXIS 13262 (same); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 568 F. Supp. 1250, 1251 (J.P.M.L. 1983) (where "overlapping class certifications have been sought in all thirteen actions," "[c]entralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the

resources of the parties, their counsel, and the judiciary."); *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974) ("the existence of and the need to eliminate [the possibility of inconsistent class determinations] presents a highly persuasive reason favoring transfer under Section 1407"); *In re Plumbing Fixtures Cases*, 308 F. Supp. 242, 244 (J.P.M.L. 1970) (ordering transfer because "a potential for conflicting or overlapping class actions presents one of the strongest reasons for transferring such related actions to a single district for coordinated or consolidated pretrial proceedings which will include an early resolution of such potential conflicts"); *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493 (J.P.M.L. 1968) (transfer necessary to avoid "pretrial chaos in conflicting class action determinations"); *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977) ("[s]ection 1407 centralization is especially important to ensure consistent treatment of the class action issues"); *In re Mut. Fund Sales Antitrust Litig.*, 361 F. Supp. 638, 639-40 (J.P.M.L. 1973) ("we have frequently held that the possibility for conflicting class determinations under [Fed. R. Civ. P. 23] is an important factor favoring transfer of all actions to a single district").

## II. THIS PANEL SHOULD TRANSFER THESE ACTIONS TO THE CENTRAL DISTRICT OF CALIFORNIA.

Movants respectfully recommend that this Panel transfer these cases to the United States District Court for the Central District of California and, with the consent of that Court, to the Hon. Stephen V. Wilson, before whom *Sizemore* is pending. Transfer of these cases there would maximize the benefits of coordination by serving the interests and convenience of the parties and the courts.

***First,*** the Central District of California already has three of the five constituent actions pending before it—more cases than are pending in any other district. MDL actions are

commonly transferred to a forum where one or more actions is pending. *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 344 F. Supp. 2d at 757 (transferring to the court in which four out of the five actions subject to the petition were pending). Furthermore, *Sizemore* has been pending the longest of the five constituent actions.

***Second***, an overwhelming number of the witnesses and documents with discoverable information will be located in or near the Central District of California because Countrywide Financial Corp.'s principal place of business is in that district. *See In re Salomon Bros. Treasury Sec. Litig.*, 796 F. Supp. 1537, 1538 (J.P.M.L. 1992) (designating as transferee court the district where the documents and witnesses relating to the defendant's conduct were located); *In re Air Disaster at Denver*, 486 F. Supp. 241, 243 (J.P.M.L. 1980) (same); *In re Air Crash Disaster at Stapleton International Airport*, 447 F. Supp. 1071, 1073 (J.P.M.L. 1978) (same); *In re U. S. Financial Sec. Litig.*, 375 F. Supp. 1403, 1404 (J.P.M.L. 1978) (same); *In re Holiday Magic Sec. and Antitrust Litig.*, 368 F. Supp. 806, 807 (J.P.M.L. 1973) (same).

***Finally***, for similar reasons, the Central District of California is a convenient forum for most of the parties. Plaintiffs in three out of the five cases—*Sizemore*, *Leyvas*, and the California AG Action—***chose*** to file their complaints in the Central District or in a state court embraced by the Central District. Thus, the Central District is the most sensible and convenient forum in which to conduct pretrial proceedings. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 568 F. Supp. at 1251-52 (transferring to district that "is the center of gravity of this litigation and the focal point for discovery"; securities issuer was headquartered in that district, the majority of the defendants resided in the same geographic area, and the majority of the cases subject to the petition were already pending in that district).

## CONCLUSION

For all the foregoing reasons, the coordination or consolidation of these overlapping putative class and attorney general actions would further "the convenience of [the] parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Therefore, Movants respectfully request that this Panel enter an order transferring the actions listed in the accompanying Schedule of Actions that are not already pending in the United States District Court for the Central District of California to that Court and, with the consent of that Court, to the Hon. Stephen V. Wilson, for coordinated or consolidated pretrial proceedings.

Dated: July 24, 2008

Respectfully submitted,

John H. Beisner
Brian D. Boyle
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300 (phone)
(202) 383-5414 (fax)

*Attorneys for Countrywide Financial Corp., Countrywide Bank, FSB, Countrywide Home Loans, Inc., and Bank of America Corporation*

FILED
JUL 30 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

08CV1313-L(NLS)

MDL- ______ IN RE COUNTRYWIDE MORTGAGE LITIGATION

SCHEDULE OF ACTIONS

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| Plaintiffs: **Francis G. Sizemore; Rebecca G. Sizemore; Edward Marini; Kimberly Menichetti; Philip D. Menichetti; Sequesta L. Washington**<br><br>Defendants: **Countrywide Financial Corp.; Countrywide Bank, N.A.; Countrywide Home Loans, Inc.; Countrywide Tax Services Corp.; LandSafe, Inc.; LandSafe Appraisal Services, Inc.; LandSafe Credit, Inc.; LandSafe Flood Determination, Inc.** | **C.D. Cal. W. Div.** | **2:07-cv-06094** | Hon. Stephen V. Wilson |
| Plaintiffs: **Symone Leyvas; John Leyvas; June Harding Brown**<br><br>Defendants: **Bank of America Corp., Countrywide Financial Corp.; Countrywide Home Loans, Inc.; Countrywide Bank, FSB; Full Spectrum Lending, Inc.; Does 1-10** | **C.D. Cal. W. Div.** | **8:08-cv-787** | Hon. David O. Carter |

| | | | |
|---|---|---|---|
| Plaintiffs:<br>**People of the State of California**<br><br>Defendants:<br>**Countrywide Financial Corp.; Countrywide Home Loans, Inc.; Full Spectrum Lending, Inc.; Angelo Mozilo; David Sambol; Does 1-100** | **C.D. Cal.** | [Removed on July 24, 2008; docket number to be supplied separately] | [Removed on July 24, 2008; presiding judge information to be supplied separately] |
| Plaintiffs:<br>**Roy V. Hursh**<br><br>Defendants:<br>**Countrywide Financial Corp., Countrywide Home Loans, Inc.; Full Spectrum Lending, Inc.; Angelo Mozilo; David Sambol; Does 1-100** | **S.D. Cal. (San Diego)** | **3:08-cv-01313** | Hon. Napoleon A. Jones, Jr. |
| Plaintiffs:<br>**People of the State of Illinois**<br><br>Defendants:<br>**Countrywide Financial Corp.; Countrywide Home Loans, Inc.; Full Spectrum Lending; Countrywide Home Loans Servicing, LP; Angelo R. Mozilo** | **N.D. Ill.** | [Removed on July 24, 2008; docket number to be supplied separately] | [Removed on July 24, 2008; presiding judge information to be supplied separately] |

Dated: July 24, 2008

Respectfully submitted,

John H. Beisner
Brian D. Boyle
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
(202) 383-5300 (phone)
(202) 383-5414 (fax)

*Attorneys for Countrywide Financial Corp., Countrywide Bank, FSB, Countrywide Home Loans, Inc., and Bank of America Corporation*

FILED
JUL 3 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

IN RE COUNTRYWIDE MORTGAGE LITIGATION 08CV 1313-L(NLS)

MDL- ______

PROOF OF SERVICE

I hereby certify that a paper and electronic copy of the foregoing Motion, Brief, Schedule of Actions and this Certificate was served by First Class Mail on July 24, 2008, to the following:

Clerk, Central District of California
Western Division
312 N. Spring Street
Los Angeles, California 90012

Clerk, Central District of California
Western Division
411 West Fourth Street, Room 1053
Santa Ana, California 92701-4516

Clerk, Southern District of California
880 Front Street, Suite 4290
San Diego, California 92101-8900

Clerk, Northern District of Illinois
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Joe R Whatley, Jr.
Lili R Sabo
Whatley Drake and Kallas LLC
1540 Broadway 37th Floor
New York, NY 10036
212-447-7070
Fax: 212-447-7077
Email: jwhatley@wdklaw.com
Email: lsabo@wdklaw.com

Counsel for plaintiffs Francis G. Sizemore; Rebecca G. Sizemore; Edward Marini; Kimberly Menichetti; Philip D. Menichetti; Sequesta L. Washington; C.D. California, 2:07-cv-06094

Christopher Kim
George T Busu
Lim Ruger and Kim LLP
1055 West Seventh Street Suite 2800
Los Angeles, CA 90017
213-955-9500
Fax: 213-955-9511
Email: christopher.kim@lrklawyers.com
Email: george.busu@lrklawyers.com

Counsel for plaintiffs Symone Leyvas; John Leyvas; June Harding Brown; C.D. California, 8:08-cv-787

Edmund G. Brown Jr.
Attorney General of the State of California

Albert Norman Shelden
Senior Assistant Attorney General

Ronald Reiter
Supervising Deputy Attorney General

Kathrin Sears
Robyn Smith
Benjamin G. Diehl
Linda Hoos
Deputy Attorneys General

300 S. Spring Street, Suite 1702
Los Angeles, California 90013
213-897-5548
Fax: 213-897-4951

Counsel for plaintiffs the People of the State of California; C.D. California [Removed on July 24, 2008; docket number to be supplied separately]

Joseph J. Rego
4019 Park Boulevard
San Diego, California 92103
619-293-0310
Fax: 619-293-0940
Email: jjrego2@msn.com

Counsel for plaintiff Roy V. Hursh; S.D. California, 3:08-cv-01313

Lisa Madigan
Attorney General of Illinois

Deborah Hagan
Chief, Consumer Protection Division

James D. Kole
Chief, Consumer Fraud Bureau

Thomas James
Susan N. Ellis
Veronica L. Spicer
Shantanu Singh
Jennifer Franklin
Michelle Garcia
Cecilia Abundis
Assistant Attorneys General

100 W. Randolph St., 12th Floor
Chicago, Illinois 60601
312-814-3000

Counsel for plaintiffs the People of the State of Illinois; N.D. Illinois [Removed on July 24, 2008; docket number to be supplied separately]

Thomas M Hefferon

Goodwin Procter LLP
901 New York Avenue NW
Washington, DC 20001
202-346-4000
Email: thefferon@goodwinprocter.com

Counsel for all defendants; C.D. California, 2:07-cv-06094; S.D. California, 3:08-cv-01313

Brooks R. Brown
Goodwin Procter LLP
10250 Constellation Boulevard
21st Floor
Los Angeles, CA 90067
310-788-5100
Fax: 310-286-0992
Email: bbrown@goodwinprocter.com

Counsel for all defendants; C.D. California, 2:07-cv-06094; S.D. California, 3:08-cv-01313

Brian D. Boyle
OMELVENY & MYERS LLP
1625 Eye Street, NW
Washington, D.C. 20006
(202) 383-5300