# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: COUNTRYWIDE FINANCIAL CORP. MORTGAGE MARKETING AND SALES PRACTICES LITIGATION | CASE NO. 08md1988 DMS (WMC)<br><br>**ORDER SUGGESTING REMAND AND TERMINATION OF COORDINATED PROCEEDINGS** |

By Order dated October 14, 2008, the Judicial Panel on Multidistrict Litigation constituted this multidistrict litigation proceeding, *In re Countrywide Financial Corp. Mortgage Marketing & Sales Practices Litigation*, 582 F. Supp. 2d 1373, 1375 (J.P.M.L. 2008), and this Court accepted the assignment of the proceeding. In combination with the original transfers and later transfers of matters, this MDL has included thirteen component cases – six putative class actions and seven government enforcement actions. *Id.*; Conditional Transfer Order 1, MDL No. 1988, Dkt No. 36 (Nov. 07, 2008); Conditional Transfer Order 2, MDL No. 1988, Dkt. No. 43 (Dec. 3, 2008); Transfer Order, MDL No. 1988, Dkt. No. 51 (Feb. 10, 2009); Conditional Transfer Order 5, MDL No. 1988, Dkt No. 72 (Jan. 29, 2010).

This Court has overseen this MDL since its inception. Among other orders or dispositions, all as reflected on the docket in case No. 3:08-md-01988-DMS-WMC, four of the component cases have been dismissed voluntarily[1] and four have been remanded to state court.[2] As to the remaining

---

[1] Dkt. No. 43 (Dec. 16, 2008) (dismissing *California v. Countrywide Fin. Corp.*, 08-cv-1348-DMS-LSP); Dkt. No. 58 (Jan. 7, 2009) (dismissing *Hursh v. Countrywide Fin. Corp.*, No. 3:08-cv-1313-DMS-LSP); Dkt. No. 78 (Feb. 25, 2009) (dismissing *Connecticut v. Countrywide Fin. Corp.*,

- 1 -

five component cases, class certification has been litigated and denied in each action, and interlocutory appeals from this Court's denials have been affirmed (*Buckley*),[3] declined (*White, Leyvas, Jackson*),[4] or not pursued (*Peralta*). Accordingly, this Court invited the parties to show cause why a suggestion of remand should not be issued. *See* Order to Show Cause, Dkt. No. 502 (March 12, 2012).

Plaintiffs in the remaining member cases filed written responses to the Order, as did Defendants. After reviewing the parties' written responses, the Court held a telephonic conference with counsel on April 4, 2012. Alan Mansfield, Ilze Thielman, Amanda Trask and Joe Whatley, Jr. appeared on behalf of Plaintiffs in the *White/Leyvas/Jackson* case, Craig Spiegel appeared on behalf of Plaintiff Buckley, and David Arbogast appeared on behalf of Plaintiff Peralta. Brooks Brown and Thomas Hefferon appeared on behalf Defendants.

With respect to *Buckley* and *Peralta*, the parties are in agreement that the Court should suggest to the MDL Panel that these cases be remanded to the transferor courts. With respect to *White/Leyvas/Jackson*, the parties do not agree. Rather, Plaintiffs request that the Court allow them time to conduct additional discovery so they may file a renewed motion for class certification. For the reasons set out in the Court's March 12, 2012 Order following the mandate hearing in *Buckley*, the Court denies that request.

In constituting this MDL proceeding, the MDL Panel identified the "sufficiency of class allegations" in the component, putative nationwide class actions as an "overarching issue" for resolution by this Court. *In re Countrywide Fin. Corp.*, 582 F. Supp. 2d at 1375. All class certification proceedings in the remaining component cases are, subject to any post-judgment appellate rights, now complete, with class certification having been denied in each case. Each motion was

---

No. 3:08-cv-02110-DMS-LSP); Dkt. No. 135 (April 21, 2009) (dismissing *Indiana v. Countrywide Fin. Corp.*, No. 3:09-cv-285-DMS-LSP).

[2] Dkt. No. 54 (Dec. 23, 2008) (remanding *California v. Countrywide Fin. Corp.*, No. 08-cv-1968-DMS-LSP); Dkt. No. 56 (Dec. 30, 2008) (remanding *Illinois v. Countrywide Fin. Corp.*, No. 08-cv-1903-DMS-LSP); Dkt. No. 83 (March 2, 2009) (remanding *West Virginia ex rel. Darrell v. McGraw, Jr. v. Countrywide Fin. Corp.*, No. 09-cv-0293-DMS-LSP); Dkt. No. 139 (April 28, 2009) (remanding *Office of the Att'y Gen., Dep't of Legal Affairs, State of Florida v. Countrywide Fin. Corp.*, No. 09-cv-0289-DMS-LSP).

[3] *Buckley v. Countrywide Home Loans, Inc.*, Order, Case No. 10-56180 (Jan. 20, 2012).

[4] *Leyvas v. Bank of America Corp.*, Order, Case No. 11-80272 (Jan. 11, 2012).

presented on a record developed after a period of discovery and disclosure of expert witnesses, pursuant to a schedule the Court set, and there was lengthy briefing on the motion and oral argument. The Court finds that no good cause exists to permit further class certification proceedings.

In light of the course of these proceedings, outlined above, it is evident that any remaining pre-trial and trial proceedings in the remaining component cases will - in the discretion of the transferor courts - concern only the named-plaintiffs' individual claims based upon the individual facts and circumstances of their loans. As such, the Court believes that the remaining component actions will no longer benefit from further coordinated proceedings, and remand of each of those actions is appropriate. 28 U.S.C. § 1407(a); J.P.M.L. R. 10.1(b); *see also In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924-25 (J.P.M.L. 1977); *In re Activated Carbon-Based Hunting Clothing Mktg. & Sales Practices Litig.*, 2012 WL 72844, at *5 (D. Minn. Jan. 10, 2012).

Accordingly, pursuant to the Judicial Panel on Multidistrict Litigation Rule 10.1(b), this Court recommends to the MDL Panel that each of the following component cases be remanded to the transferor courts for all such individual proceedings:

- *White v. Countrywide Financial Corp.*, No. 2:07-6094-DDP-AJW (C.D. Cal.);[5]
- *Leyvas v. Bank of America Corp.*, No. 8:08-787-DOC-MLG (C.D. Cal.);
- *Jackson v. Countrywide Financial Corp.*, No. 3:08-457-CRS (W.D. KY);
- *Buckley v. Countrywide Home Loans, Inc.*, No. 2:08-1200-RSM (W.D. Wash.);
- *Peralta v. Countrywide Home Loans*, No. 2:09-8512-AHS-FMO (C.D. Cal).

**IT IS SO ORDERED**.

DATED: April 20, 2012

_____
HON. DANA M. SABRAW
United States District Judge

---

[5] The parties agree that Plaintiffs Preston Givens and Paula Prezola need to be joined as plaintiffs to either *White* or *Leyvas*. Pursuant to Defendants' suggestion, and there being no opposition from Plaintiffs, the Court recommends Plaintiffs Givens and Prezola be joined as plaintiffs in *White* pursuant to Federal Rule of Civil Procedure 20(a)(1).